## SUPREME COURT.

### Louis Schachne *et al.* agt. Louis Kayser.

*Practice — Order of arrest — When motion to vacate will not be granted on the ground that Rule 25 has not been complied with by stating in the affidavits that no previous application had been made for such order — Code of Civil Procedure, section 568.*

Although a motion may be made to vacate an order of arrest on the ground that the affidavits on which the order was granted did not state, as required by Rule 25, whether any previous application had been made for such order, such motion should be made with diligence.

It is not intended in reserving the right of the party arrested to move to vacate the order at any time before final judgment, to include the right to so move for a failure to comply with Rule 25.

It is too late to make such motion after the action is ready for trial.

*Niagara Special Term, February,* 1884.

On December 26, 1883, plaintiff and others brought suit in the supreme court against defendant and procured an order of arrest. Answer was served on January 7, 1884, and the case noticed for trial on January 19, 1884, by both parties. On January 26, 1884, defendant moved to vacate the order of arrest on the ground that the affidavits on which the order was granted did not state whether any previous application had been made for such order, as required by Rule 25 of the supreme court; the plaintiffs claiming the motion ought to have been made before the defendant had taken any other steps in the case. The defendant claimed that the motion could be made at any time before final judgment, as provided by section 568 of the Code of Civil Procedure.

*John E. Pound,* for motion.

*William C. Greene,* opposed.

Daniels, *J.* — The provisions of the Code prescribing what shall be done to obtain an order of arrest, do not require that the requirements of Rule 25 shall be complied with

by the applicant, for the reason it could not have been intended in reserving the right of the party arrested to move to vacate the order at any time before final judgment, to include the right so to move for a failure to comply with Rule 25. The provisions by being made a part of the Code must, on the contrary, have been intended to reserve that right for a failure to comply with its other provisions and is a portion of the statutory system, deemed as a remedy to the party arrested, when that has been done without complying with what the Code has required, to entitle the party to the order. It does not result from this construction that a like motion cannot be made for failing to comply with Rule 25. But it does follow that the failure is merely an irregularity, and while the defendant may move to vacate the order as irregularly made, on account of this omission, that should be done with diligence, as the parties are required to move to set aside other proceedings irregularly taken. This motion has not been so made. It has been delayed until the action is ready for trial, and the defendant has not been injured by the irregularity. It was an omission, depriving him of no right or privilege, and probably resulted from a mere oversight. The order under the facts should not be set aside. But the motion should be denied, with costs.